Brad D. Rose
Dyan Finguerra-DuCharme
Ryan S. Klarberg
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiffs*
*Beyoncé Giselle Knowles-Carter*
*and BGK Trademark Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEYONCÉ GISELLE KNOWLES-CARTER and BGK TRADEMARK HOLDINGS, LLC, | Civil Action No. _____ |
| Plaintiffs, | **COMPLAINT** |
| - against - | **DEMAND FOR JURY TRIAL** |
| ANDRE MAURICE, LEANA LOPEZ, LEE LEE, and FEYONCE INC., | |
| Defendants. | |

Plaintiffs Beyoncé Giselle Knowles-Carter ("Beyoncé") and BGK Trademark Holdings, LLC (collectively, "Plaintiffs"), by their attorneys Pryor Cashman LLP, allege as follows against Defendants Andre Maurice, Leana Lopez, Lee Lee and Feyonce Inc. (collectively, "Defendants"):

## NATURE OF ACTION

1.     This is an action for willful trademark infringement, unfair competition, trademark dilution, among a score of other statutory and common law violations.  Defendants have willfully traded upon the goodwill and notoriety of Beyoncé, arguably one of the most famous musical artists and entrepreneurs in the world.

2.     One of Beyoncé's most popular songs is *Single Ladies*, also known as "Put a Ring On It," which was released in 2008 and quickly climbed the music charts.  In particular, *Single*

*Ladies* topped the U.S. Billboard Hot 100 and has been certified quadruple-platinum with more than 5 million paid digital downloads. *Single Ladies* is one of the best-selling singles of all time, and the accompanying music video, titled *Single Ladies (Put a Ring on It)*, has over 468,000,000 views on YouTube, has also won several awards, and is regarded as one of the best videos of all time because of its intricate choreography.

3.      The song *Single Ladies* is a symbol of female empowerment and has been likened to Aretha Franklin's *Respect* and Gloria Gaynor's *I Will Survive*.  The lyrics tell the story of a woman who just ended a three year relationship because her boyfriend would not commit to marriage.  Some of the famous lines from *Single Ladies* are:

> 'Cause if you liked it, then you should have put a ring on it
> If you liked it, then you shoulda put a ring on it
> Don't be mad once you see that he want it
> 'Cause if you liked it, then you shoulda put a ring on it

A complete copy of the lyrics for *Single Ladies* are attached hereto as Exhibit A.

4.      Seeking to capitalize on the notoriety of *Single Ladies,* with its famous lines "put a ring on it," Defendants are selling merchandise bearing the "FEYONCÉ" mark -- a misspelling of "fiancé" intended to call to mind Beyoncé and her famous song.  Some of Defendants' merchandise even bear the lyrics "put a ring on it" further solidifying the connection between Beyoncé and the unauthorized products. Representative examples of Defendants' infringing products are displayed below:

  



True and correct representative examples of Defendants' unauthorized and infringing products are depicted in Exhibit B.

5.      Upon information and belief, Defendants have adopted the FEYONCÉ mark, which is nearly identical to Plaintiffs' famous BEYONCÉ trademark, to falsely designate Plaintiffs as the source of the Defendants' unauthorized products and/or to falsely associate Beyoncé with these unauthorized products.  Defendants' intention is reflected in their prominent use of the FEYONCÉ mark in a stylized form that is identical to how Plaintiffs display the BEYONCÉ mark as displayed below:

**Examples of Plaintiffs'
BEYONCÉ Products**

**Example of Defendants'
Unauthorized FEYONCÉ Products**





6.      Despite letters from Plaintiffs to Defendants demanding that they cease and desist from selling their infringing activities, Defendants continue to sell unauthorized products and to

trade upon the goodwill associated with Plaintiffs, all for Defendants' profit.  Most egregiously, as of the date of the filing of this Complaint, Defendants' online store located at <feyonceshop.com> offers for sale dozens of infringing merchandise including, but not limited to, the t-shirts, sweatshirts and mugs bearing the FEYONCÉ mark, as shown in the images above.

7.     Defendants brazenly market and promote infringing products on the homepage of their <feyonceshop.com>  retail website, as shown below:



8.     Defendant Maurice has also filed two U.S. trademark applications to register the FEYONCÉ mark (Serial No. 86/831,410) and the FEYONCE mark (Serial No. 86/834,686) for use in connection with, *inter alia*, Class 18 bags, Class 24 fabrics and/or Class 25 apparel.  The United States Patent and Trademark Office (USPTO) has rejected a similar application for the

FEYONCE mark in the past on the ground that the FEYONCE mark is confusingly similar to the BEYONCÉ mark.  *See* Ex. C.

9.      Defendants' actions have caused and are causing immediate and irreparable harm to Plaintiffs.  To redress the harm that the Defendants are causing to Plaintiffs and to the public, Plaintiffs bring claims for trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and related claims under New York's statutory and common law.  Plaintiffs seek injunctive and monetary relief on account of Defendants' egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## PARTIES

10.      Plaintiff Beyoncé Giselle Knowles-Carter is a citizen and resident of the State of New York.

11.      Plaintiff BGK Trademark Holdings, LLC ("BGK") is a Delaware limited liability company with its principal place of business in New York, New York.

12.      Upon information and belief, defendant Andre Maurice is an individual with an address at 134 Paramount Avenue, San Antonio, Texas 78228.

13.      Upon information and belief, defendant Leana Lopez is an individual with an address at 1210 North Hunt Lane, Apartment 20202, San Antonio, Texas 78251.

14.      Upon information and belief, defendant Lee Lee is an individual with an address at 3500 Culebra Road, San Antonio, Texas 78251.

15.     Upon information and belief, defendant Feyonce Inc. is a fictitious company with a principal place of business at 1210 North Hunt Lane, Apartment 20202, San Antonio, Texas 78251.

## JURISDICTION AND VENUE

16.     Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1125, 1331, 1338(a) & (b) and 1367, because the action involves claims arising under the Lanham Act and related state law claims.

17.     This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in New York, contracted to supply goods or services in New York, the claims at issue arise out of their transaction of business and/or supplying goods and services directed to consumers residing in New York, and/or Defendants have committed infringing acts outside of New York causing injury to Plaintiffs in New York and/or Defendants regularly do or solicit business in New York and/or derive substantial revenue from goods used or services rendered in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.  These activities fall within the long-arm statute of the State of New York, CPLR §§ 301 and 302(a).

18.     Venue is proper in this District pursuant to  28 U.S.C.  § 1391 because all Defendants are subject to personal jurisdiction in this District because they are transacting business and committing tortious acts within the State of New York and this District.

## FACTS

### I.  Plaintiffs and Their Businesses

19.     Beyoncé is an internationally renowned Grammy® Award-winning recording artist, performer, actress, fashion designer and entrepreneur.  She is one of the most successful artists in the world, selling more than 140 million records as a solo artist worldwide, earning 20 Grammy® Awards including Best Female Pop Vocal Performance, Song of the Year and Best Female R&B Vocal Performance.

20.     Beyoncé has also received nominations and awards for successes in fashion, philanthropy, television and film, including an Oscar® nomination for Best Performance by an Actress in a Motion Picture for her role in the film *Dreamgirls*.

21.     Beyoncé is commonly regarded as an international fashion icon and influencer. She has been nominated as the Teen Choice Female Fashion Icon, and has partnered with several of world's top brands, including recently partnering with fashion brand TopShop to develop and launch a new line of clothing focusing on athletic street wear.

22.     This past year, *Time* ranked Beyoncé number one on its list of the 100 Most Influential People, and *Forbes* identified her as the World's Most Powerful Celebrity.

23.     Beyoncé has adorned the cover of hundreds of magazines, including, but not limited to, *Vogue*, *Time, Glamour*, *Vanity Fair*, *Billboard*, *Harper's Bazaar*, *Cosmopolitan*, *Elle*, *GQ* and *Rolling Stone* magazines.

24.     Beyoncé's official merchandise, including clothing, cell phone cases, hats and mugs sold under the BEYONCÉ mark, is offered for sale at <shop.beyonce.com> and through authorized retailers.

25.     Beyoncé, through her company BGK, owns common law rights and several U.S. trademark registrations for the BEYONCÉ mark for use in connection with a wide variety of goods and services, including entertainment services, clothing, mobile digital electronic devices, fragrances and makeup.  Among the registrations is U.S. Reg. No. 2,879,852 for use in connection with, *inter alia*, clothing, namely, shirts, sweaters, blouses, jackets, slacks, hats and caps.  A true and accurate copy of the U.S. trademark registration certificate for Reg. No. 2,879,852 is attached hereto as Exhibit D.

26.     Through her success in music, fashion and film, including her sold-out musical performances and platinum-selling albums, her international public and media appearances, and the solicited and unsolicited publicity that Beyoncé has received, the BEYONCÉ mark has become internationally famous and a substantial commercial asset.

27.     Plaintiff Beyoncé is the source of widespread unsolicited media attention wherever she goes. She has adorned the cover of hundreds of magazines and has been the subject of thousands of articles, including *Rolling Stone, Billboard*, *Vogue*, *Elle*, *GQ*, *Harper's Bazaar* and *Vanity Fair*, to name just a few publications.

28.     Few artists have acquired the fame attained by Beyoncé.  The widespread unsolicited media attention that Beyoncé receives on a daily basis, and her unquestionable talent, have made Beyoncé a household name.

29.     Beyoncé's brands are strong commercial successes.  In particular, goods and services offered for sale in connection with the BEYONCÉ mark have generated sales in the millions of dollars.  Beyoncé is immensely popular with the general consuming public as evidenced by, *inter alia*, her millions of Twitter and Instagram followers and millions of "likes" on her Facebook page, not to mention her sold-out concerts and multi-platinum albums.

30.     Beyoncé has invested considerably in creating, maintaining and promoting the goodwill associated with her name, brands and trademarks.  Plaintiffs and their media, Internet and fashion partners have spent significant sums on advertising and promoting goods and services offered in connection with Beyoncé's name and intellectual property (including her trademarks and lyrics) throughout the world.  In addition to traditional advertising, Plaintiffs market and promote their products and services through websites and social media platforms such as Facebook, Instagram, Twitter and YouTube.

31.     As a result of Plaintiffs' extensive sales, advertising and promotional efforts, including in connection with the sale of clothing, and their consistent production of high quality goods and services, the BEYONCÉ mark is famous and has garnered goodwill of incalculable value.

32.     Among Beyoncé's many musical successes is her hit single *Single Ladies,* a song considered by many critics as one of the best of the decade.  *Single Ladies* won Song of the Year, Best R&B Song and Best Female R&B Vocal Performance at the 52nd Grammy Awards, to name a few of the accolades that the song has received.

33.     *Single Ladies* tells the tale of female empowerment – the protagonist celebrates her newly found status as a single woman in a dance club telling her ex-boyfriend (who is jealous of the attention that she is receiving from other men) that if "you liked it, then you shoulda put a ring on it."  Upon information and belief, consumers closely associate the lyrics "put a ring on it" with Beyoncé and her song *Single Ladies*.

## II.  Defendants and Their Infringing Activities

34.     Upon  information  and  belief,  Defendants  own  the  domain  name <feyonceshop.com> and own and operate the retail website associated therewith ("Defendants' Website").

35.     Defendants are not authorized to manufacture, market, promote or sell products bearing Plaintiffs' trademarks (or any marks similar thereto) or other intellectual property.

36.     Nevertheless, in a deliberate attempt to profit from the goodwill associated with Plaintiffs  and  their  intellectual  property,  including  their  trademarks  and  the  hit  song  *Single Ladies*, Defendants purposefully adopted the FEYONCÉ mark that is imitative of Plaintiffs' famous BEYONCÉ mark and a misspelling of "fiancé."

37.     Upon information and belief, Defendants willfully and intentionally trade upon the  goodwill  associated  with  Beyoncé  as  an  artist  and  her  famous  song  to  sell  unauthorized products for a profit.

38.     Upon learning of Defendants' activities, Plaintiffs sent a letter to Defendants demanding that they permanently cease and desist from marketing, promoting, manufacturing, offering for sale and selling any products or services that use Plaintiffs' BEYONCÉ mark, or any mark confusingly similar thereto, including the FEYONCÉ mark, Plaintiff's other intellectual property, and/or marketing, promoting, manufacturing, offering for sale and selling any products that otherwise infringe or violate Plaintiffs' rights.

39.     Plaintiffs  also  demanded  that  Defendants  abandon  the  two  U.S.  trademark applications  for  the  FEYONCÉ  and  FEYONCE  marks  and  transfer  the  infringing <feyonceshop.com> domain name to Plaintiffs.

40.     In willful disregard of Plaintiffs' intellectual property rights, of which Defendants were on actual notice, Defendants continue to market, promote, manufacture and offer for sale products that infringe Plaintiffs' rights and cause consumer confusion.  Such ongoing conduct reflects Defendants' defiance and willful intent to infringe and violate Plaintiffs' rights.

## III.    Plaintiffs Are Suffering Irreparable Harm

41.     Defendants have undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of their goods. In particular, consumers are likely to mistakenly believe that Plaintiffs are the source of Defendants' products bearing the FEYONCÉ mark and lyrics to Beyoncé's songs, or at that minimum that Beyoncé is affiliated with, sponsored or has endorsed such products.

42.     The likelihood of confusion, mistake and deception created by Defendants' sale of the infringing products, as well as the dilution of Plaintiffs' trademarks by such sales, are causing irreparable harm to Plaintiffs and the goodwill associated with Plaintiffs' brands and Plaintiffs' trademarks.

43.     Upon information and belief, Defendants know, and at all relevant times knew, that consumers were likely to believe that Defendants' products bearing the FEYONCÉ mark and lyrics from *Single Ladies* were authorized, sanctioned or licensed by Plaintiffs, even though they were not.

44.     Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create a false impression as to the source, sponsorship and quality of Defendants' products and to dilute the distinctiveness of Plaintiffs' trademarks.

45.    Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that Beyoncé has endorsed, sponsored or is somehow associated with the unauthorized merchandise.

46.    Upon information and belief, Defendants adopted the FEYONCÉ mark to call to mind Beyoncé and her famous song.

47.    Defendants' conduct described herein is intentional, fraudulent, malicious, willful and wanton.

48.    Defendants' conduct has injured Plaintiffs, and if not enjoined, will continue to injure Plaintiffs and their intellectual property.

49.    Defendants' unlawful actions described herein commenced many years after Plaintiffs began using Plaintiffs' trademarks, many years after Plaintiffs and their respective trademarks had achieved worldwide fame and, many years after Plaintiffs registered their trademarks in the United States.

50.    Plaintiffs will suffer irreparable harm to their business reputations and the goodwill associated with their brand because they have no control over Defendants' products.  This is even more so here because Defendants are luring consumers to purchase their products through their use of marks that are confusingly similar to Plaintiffs' marks and their misuse of Plaintiffs' lyrics on the infringing products.

51.    Plaintiffs will also suffer irreparable harm because Defendants' use of the Plaintiffs' marks, and/or marks confusingly similar thereto, dilutes the distinctiveness of Plaintiffs' famous trademarks.

52.    Defendants' deceptive conduct is harming the public in addition to harming Plaintiffs and their brand.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

53.     Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

54.     Plaintiff Beyoncé, through her company BGK, owns all right, title and interest in and to the BEYONCÉ mark and holds the exclusive right to market and sell clothing and other products bearing the BEYONCÉ mark.

55.     Upon information and belief, consumers associate the lyrics from *Single Ladies* exclusively with Plaintiff Beyoncé.

56.     Defendants have used in commerce, without Plaintiffs' permission, Plaintiffs' trademarks in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendants' goods and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship or association of Plaintiffs and/or their goods, services and commercial activities, on the one hand, with Defendants and/or their respective goods, services or commercial activities, on the other hand.

57.     Defendants' acts constitute infringement of Plaintiffs' trademarks under 15 U.S.C. § 1114.

58.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer and/or are likely to suffer damage to their trademarks, business reputation and goodwill.  Defendants will continue to use, unless restrained, Plaintiffs' marks or marks confusingly similar thereto and will cause irreparable damage to Plaintiffs.  Plaintiffs have no adequate remedy at law and are entitled to an injunction restraining Defendants, their

respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

59.     Plaintiffs are further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

60.     Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

61.     Because of the willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of exemplary damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(A)

62.     Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

63.     Plaintiff Beyoncé, through her company BGK, owns all right, title and interest in and to the BEYONCÉ mark and holds the exclusive right to market and sell clothing and other products bearing the BEYONCÉ mark.

64.     Upon information and belief, consumers associate the lyrics from *Single Ladies* exclusively with Plaintiff Beyoncé.

65.     Defendants have used in commerce marks that are substantially similar to Plaintiffs' trademarks on unauthorized merchandise.

66.     Defendants have used in commerce lyrics from Beyoncé's hit song *Single Ladies* on unauthorized merchandise.

67.     Defendants' unlawful acts in appropriating rights in Plaintiffs' BEYONCÉ mark and famous lyrics are and were intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain.

68.     Defendants' unauthorized use of colorable imitations of Plaintiffs' BEYONCÉ mark have caused and are likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

69.     Defendants' unauthorized use of lyrics from Beyoncé's song on unauthorized goods is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

70.     Defendants conduct as alleged herein, including their unauthorized use of colorable imitations of the BEYONCÉ mark (i.e. their use of the FEYONCÉ mark) and unauthorized use of Plaintiffs' lyrics on merchandise, constitutes a false designation of origin as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection and/or association of Plaintiffs with Defendants' goods and/or services.

71.     Defendants' products bearing the FEYONCÉ mark and/or lyrics are calculated and intended to deceive and are likely to deceive consumers into believing that they are Plaintiffs' products and/or Beyoncé is associated with the merchandise.

72.     Defendants have chosen to present the FEYONCÉ mark in the same font, color and style and Plaintiff depicts its BEYONCÉ mark on similar merchandise.

73.     Defendants are capitalizing on and profiting from the likely consumer confusion between their infringing merchandise bearing the FEYONCÉ mark and/or Plaintiff Beyoncé's

lyrics, on the one hand, and Plaintiffs' authentic merchandise bearing the BEYONCÉ mark and/or Plaintiff Beyoncé's lyrics, on the other hand.

74.     Plaintiffs do not now and have never sponsored or approved or authorized Defendants' use of their marks, music lyrics or other intellectual property.

75.     Defendants' conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiffs, including Plaintiff Beyoncé personally, her brands, her music and trademarks.

76.     The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

77.     Defendants' unfair competition has caused and is causing great and irreparable harm and damage to Plaintiffs, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

78.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer and/or are likely to suffer damage to their trademarks, business reputation and goodwill.  Defendants will continue to use, unless restrained, Plaintiffs' marks, and/or marks confusingly similar thereto, and Plaintiffs' other intellectual property, including Plaintiff Beyoncé's music lyrics, and Defendants will cause irreparable damage to Plaintiffs.  Plaintiffs have no adequate remedy at law and are entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

79.     Plaintiffs are further entitled to recover from Defendants the actual damages that they sustained and/or are likely to sustain as a result of Defendants' wrongful acts.

80.    Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

81.    Because of the willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of exemplary damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

### THIRD CLAIM
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(C)

82.    Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

83.    Plaintiff Beyoncé, through her company BGK, owns all right, title and interest in and to the BEYONCÉ mark.

84.    The BEYONCÉ mark is a famous and distinctive mark entitled to protection under 15 U.S.C. § 1125(C).

85.    Plaintiffs began using their famous BEYONCÉ trademark to identify their goods and services long before Defendants began promoting and offering goods and/or services under the FEYONCÉ mark.

86.    Plaintiffs' BEYONCÉ mark became famous long before Defendants adopted the FEYONCÉ mark.

87.    Defendants' use of the FEYONCÉ mark is likely to dilute the distinctive quality of Plaintiffs' famous BEYONCÉ trademark in violation of 15 U.S.C. § 1125(c).

88.    Defendants' acts complained of herein are likely to irreparably damage Plaintiffs.

89.    Plaintiffs have no adequate remedy at law for such wrongs and injuries.

90.    Plaintiffs are further entitled to recover from Defendants for the actual damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

91.    Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts.

92.    Because of the willful nature of Defendants' actions, Plaintiffs are entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118, including, but not limited to, treble damages.

**FOURTH CLAIM**
**DECEPTIVE ACTS AND PRACTICES**
**NEW YORK GENERAL BUSINESS LAW § 349**

93.    Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

94.    Plaintiff Beyoncé, through her company BGK, owns all right, title and interest in and to the BEYONCÉ mark and holds the exclusive right to market and sell clothing and other products bearing the BEYONCÉ mark.

95.    Consumers identify the BEYONCÉ mark exclusively with Plaintiff Beyoncé.

96.    Upon information and belief, consumers associate the lyrics from *Single Ladies* exclusively with Plaintiff Beyoncé.

97.    Upon information and belief, Defendants, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' rights, offer and/or have offered goods for sale to the public in direct competition with Plaintiffs.

98.    Upon information and belief, Defendants' use of Plaintiff Beyoncé's name, marks and other intellectual property, including her lyrics, is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Defendants'

products, and is likely to deceive the public into believing that goods and/or services being offered for sale by Defendants originate from, are associated with, or are otherwise authorized by Plaintiffs.

99.     Upon information and belief, Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

100.    The acts of Defendants have caused and are causing great and irreparable harm and damage to Plaintiffs, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

### FIFTH CLAIM
### TRADEMARK DILUTION
### NEW YORK GEN. BUS. L. § 360-L

101.    Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

102.    Plaintiff Beyoncé, through her company BGK, owns all right, title and interest in and to the BEYONCÉ mark.

103.    The BEYONCÉ mark is a famous and distinctive mark within the meaning of New York Gen. Bus. L. § 360-l.

104.    Plaintiffs began using their famous BEYONCÉ trademark to identify their goods and services long before Defendants began promoting and offering goods and/or services under the FEYONCÉ mark.

105.    Plaintiffs' BEYONCÉ mark became famous long before Defendants adopted the FEYONCÉ mark.

106.    Defendants' use of the FEYONCÉ Plaintiff mark is likely to dilute the distinctive quality of Plaintiffs' famous BEYONCÉ trademark in violation of New York Gen. Bus. L. § 360-l.

107.    Defendants' acts complained of herein are likely to damage Plaintiffs irreparably.

108.    Plaintiffs have no adequate remedy at law for such wrongs and injuries. The damage to Plaintiffs includes harm to their trademarks, goodwill and reputation that money cannot compensate.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction enjoining Defendants' use of Plaintiffs' famous trademarks, and/or marks substantially similar thereto, or any marks dilutive of Plaintiffs' famous trademarks in connection with the promotion, advertisement and sale of any goods, services or commercial activities by Defendants.

109.    Plaintiffs are further entitled to recover from Defendants for the actual damages sustained by it as a result of Defendants' wrongful acts.

110.    Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts.

111.    Because of the willful nature of Defendants' actions, Plaintiffs are entitled to all remedies under New York General Business Law.

**SIXTH  CLAIM**
**COMMON LAW UNFAIR COMPETITION**

112.    Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

113.    Plaintiff Beyoncé, through her company BGK, owns all right, title and interest in and to the BEYONCÉ mark and holds the exclusive right to market and sell clothing and other products bearing the BEYONCÉ mark.

114.    Consumers identify the BEYONCÉ mark exclusively with Plaintiff Beyoncé.

115.    Upon information and belief, consumers associate the lyrics from *Single Ladies* exclusively with Plaintiff Beyoncé.

116.    Plaintiff Beyoncé has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the BEYONCÉ mark.

117.    Defendants have infringed Plaintiffs' BEYONCÉ mark by using a mark that is confusingly similar to Plaintiffs' trademark.  Defendants' unlawful acts are intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain.

118.    Defendants' use of Plaintiffs' trademark, or marks confusingly similar thereto, is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendants' products originate with or are authorized by Plaintiffs, and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

119.    Defendants' acts as alleged herein constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiffs.

120.    Upon information and belief, Defendants committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiffs.

121.    The acts of Defendants have caused and are causing great and irreparable harm and damage to Plaintiffs, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

122.    As a direct and proximate result of Defendants' actions as stated herein, Plaintiffs has suffered damage to their reputation and damage to the goodwill of their trademarks.  Further, Plaintiffs are entitled to exemplary damages as a result of Defendants' malicious actions as described above.

**SEVENTH CLAIM**
**UNJUST ENRICHMENT**

123.    Plaintiffs hereby repeat and reallege the foregoing Paragraphs of the Complaint as if fully set forth herein.

124.    Defendants have benefited from the unlawful and infringing use of the FEYONCÉ mark and lyrics from Beyoncé's *Single Ladies* song because, upon information and belief, Defendants have derived and/or will derive substantial revenue from the sale of goods and/or the rendering of services offered and/or promoted on Defendants' website and elsewhere through the use of a trademark that is substantially similar to Plaintiffs' BEYONCÉ mark and lyrics that are closely associated with Plaintiffs.

125.    It would be against equity and good conscience to allow Defendants to retain the substantial revenue and profits they have realized and/or will realize through their unlawful use of Plaintiffs' intellectual property and/or marks substantially similar.

126.    Defendants have been unjustly enriched by their unlawful use of the FEYONCÉ and Plaintiffs' other intellectual property.

127.    The acts of Defendants have caused and are causing great and irreparable harm and damage to Plaintiffs, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

128.    As a direct and proximate result of Defendants' actions as stated herein, Plaintiffs have suffered damage to its reputation and damage to the goodwill of its trademarks and its other intellectual property.   Further, Plaintiffs are entitled to exemplary damages as a result of Defendants' malicious actions as described above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendants, and their respective partners, agents and employees, and any and all persons in active concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

1.      Preliminarily and permanently enjoining Defendants, and their respective partners, agents and employees, and any and all other persons in active concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing from (a) engaging in the marketing, promotion, offering, rendering, sale or other use in commerce of any products bearing the name, image or likeness of any of the Plaintiffs, or any of the Plaintiffs' intellectual property, including any of the Plaintiffs' trademarks or any marks confusingly similar to such trademarks, including the FEYONCE or FEYONCÉ marks, or any of the Plaintiffs' lyrics, including in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with any of the Plaintiffs or that there is any affiliation or connection with any of the Plaintiffs, and from otherwise competing unfairly with Plaintiffs; (b) assisting, aiding or abetting any other person or entity in the marketing, promotion, offering, rendering, sale or other use in commerce of any products bearing

the name, image or likeness of any of the Plaintiffs, or any of the Plaintiffs' intellectual property, including any of the Plaintiffs' trademarks or any marks confusingly similar to such trademarks, including the FEYONCE or FEYONCÉ marks, or any of Plaintiffs' lyrics; (c) using any of Plaintiffs' marks, or any other mark, term or title confusingly similar to Plaintiffs' marks, including the FEYONCE or FEYONCÉ marks; (d) operating a website located at <feyonceshop.com> and transfer such domain to Plaintiffs; (e) using any photographs, videos or the name or likeness of the Plaintiff Beyoncé in any manner that may cause confusion or mistake or may deceive the public into believing that any of Defendants' products or services originate with Plaintiffs or that there is any affiliation or connection between Plaintiffs and Defendants, and from otherwise competing unfairly with Plaintiffs; (f) using any mark in a manner so as to cause the dilution of Plaintiffs' distinctive marks identified herein; and (g) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive the public into believing that any of Defendants' goods or services, or websites or stores originate with Plaintiffs or that there is any affiliation or connection between Plaintiffs and Defendants, and from otherwise competing unfairly with Plaintiffs;

2. Awarding Plaintiffs damages in amounts pertaining to each to be determined at trial, including compensatory, statutory damages and exemplary damages;

3. Awarding an accounting to Plaintiffs for the gains and profits of the Defendants and for the damages sustained by Plaintiffs as a result of the willful, intentional and wrongful conduct of Defendants;

4. Awarding Plaintiffs treble damages on account of the willful nature of the Defendants' infringing acts for an amount to be determined at trial;

24

5.   Requiring Defendants to pay the Plaintiffs their costs and expenses in this action, including attorneys' fees and costs; and

6.   Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         April 5, 2016

Respectfully submitted,

PRYOR CASHMAN LLP

Brad D. Rose (BR-2740)
Dyan Finguerra-DuCharme (DF-9228)
Ryan S. Klarberg (RK-4719)
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Fax. (212) 326-0806
brose@pryorcashman.com
dfinguerra-ducharme@pryorcashman.com
rklarberg@pryorcashman.com

*Attorneys for Plaintiffs*
*Beyoncé Giselle Knowles-Carter*
*and BGK Trademark Holdings, LLC*